DAVIDOFF HUTCHER & CITRON LLP
*Attorneys for the Petitioning Creditors*
605 Third Avenue
New York, NY 10158
(212) 557-7200
Robert L. Rattet, Esq.
Jonathan S. Pasternak, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:

HALE AND HEARTY SOUPS L.L.C.,      Involuntary Proceeding Under
    Chapter 7
        Alleged Debtor.     Case No. 22-11285 (JLG)
---------------------------------------------------------------X

## MOTION FOR APPOINTMENT OF INTERIM CHAPTER 7 TRUSTEE

APF 286 MAD LLC ("APF"), Baldor Specialty Foods, Inc. ("Baldor"), and Westside Foods, Inc. ("Westside") (collectively, the "Petitioning Creditors"), by and through their attorneys, Davidoff Hutcher & Citron LLP, hereby move this Court (the "Motion") for the entry of an order appointing an interim trustee pursuant to 11 U.S.C. § 303(g) and Rule 2001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules" or "Rules"). In support of this Motion, the Petitioning Creditors respectfully represent as follows:

### JURISDICTION, VENUE, AND STATUTORY PREDICATE

1. This Court has jurisdiction to consider this core proceeding pursuant to 28 U.S.C. §§ 157and 1334. Venue of these proceedings is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is 11 U.S.C. §§ 303(g), as supplemented by Bankruptcy Rule 2001.

**FACTUAL & PROCEDURAL BACKGROUND**

2. Upon information and belief, Hale and Hearty Soups L.L.C. (the "Alleged Debtor") is a limited liability company, duly authorized to conduct business within the State of New York, with a principal place of business within the City and State of New York.

3. The Petitioning Creditors are an assortment of landlords and vendors who are owed money by the Alleged Debtor for antecedent debts. In total, the Petitioning Creditors are owed $816,779.78 by the Alleged Debtor for unpaid rent and goods delivered.

4. On September 28, 2022, the Petitioning Creditors commenced this case by filing an involuntary petition for relief (the "Involuntary Petition") against the Alleged Debtor under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

5. The Alleged Debtor has historically operated a chain of soup-styled retail stores, specializing in soup and sundry foods. The Alleged Debtor sold its products in its stores, online via its website, and in various supermarkets. Upon information and belief, at its height, the Alleged Debtor operated an aggregate of thirty-four (34) stores in the New York City area, including a food commissary (the "Commissary") located at 276 Stagg Street, Brooklyn, New York, where the Alleged Debtor owns and keeps substantial food preparation equipment.

6. Upon information and belief, the Alleged Debtor, until recently, was a tenant of the Commissary with 279 Scholes LLC as the landlord (the "Landlord"). The Petitioning Creditors are unaware of the current status of the lease.

7. The Alleged Debtor is also believed to own intellectual property regarding the "Hale and Hearty Soups" trade-style, as well as other intangible assets and goodwill. Upon

information and belief, related entities to the Alleged Debtor include but are not limited to: Hale and Hearty Holding L.L.C., Lex Soups LLC, 49th Street Soups LLC, 56th Street Soups LLC, Chelsea Soups LLC, Rock Soups LLC, Grand Central Soups LLC, 45th Street Soups LLC, 7th Avenue Soups LLC, Metrotech Soups LLC, Broad Street Soups LLC, Fulton Soups LLC, Hudson Soups LLC, Carle Place Soups LLC, and 369 Lexington Avenue Soups LLC.

8. Upon information and belief, on or around July 2019, the Alleged Debtor's equity interests were purchased by Pinchas Shapiro ("Shapiro") from a fund managed by the Capitala Group. At the time of this purchase, it is believed that the Alleged Debtor was operating an estimated twenty-two (22) stores.

9. During Shapiro's ownership, the Alleged Debtor fell into financial troubles and has accumulated millions of dollars in debt, breached all of its store leases, and ceased retail operations on or around July 1, 2022.

10. Upon information and belief, various vendors of the Alleged Debtor were informed by its employees that the day after $3 million in PPP funds were credited to the Alleged Debtor's bank account, $2 million "disappeared".

11. At the time of cessation of its operations, it is believed the Alleged Debtor accumulated unpaid liabilities in excess of $5 million, with multiple lawsuits and/or judgments filed and/or pending.

12. As stated above, the Alleged Debtor owns or owned significant food preparation equipment at the Commissary. It is currently unknown what the Debtor's current interests are regarding the Commissary.

13. Upon information and belief, in early September 2022, it was discovered that the Alleged Debtor had allegedly entered into a transaction with Mauzone Food Services

("Mauzone"), whereby Mauzone took over the Alleged Debtor's Commissary, equipment, and possibly other assets. An article announcing said transaction is annexed hereto as Exhibit A of this Motion.

14. The Petitioning Creditors are concerned that the Alleged Debtor has transferred assets to Mauzone while being insolvent or intends to further transfer its assets despite the filing of the Involuntary Petition, which transfers may be subject to, inter alia, avoidance actions under Article V of the Bankruptcy Code.

15. Accordingly, the Petitioning Creditors submit that exigent circumstances exist for the appointment of an interim chapter 7 trustee in order to immediately marshal the Alleged Debtor's remaining assets, investigate any recent transfers of estate property, and prevent any further dissipation or disposition of same.

## RELIEF REQUESTED

16. By this Motion, the Petitioning Creditors seek the entry of an order appointing an interim trustee pursuant to section 303(g) of the Bankruptcy Code to protect and preserve the property of the estate until the entry of an order for relief.

## DISCUSSION

17. Under section 303(g) of the Bankruptcy Code, at any time after the commencement of an involuntary chapter 7 case but before an order for relief, the Bankruptcy Court:

> [O]n request of a party in interest, after notice to the debtor and a hearing, and ***if necessary to preserve the property of the estate or to prevent loss to the estate***, may order the United States trustee to appoint an interim trustee under section 701 … to take possession of the property of the estate and to operate any business of the debtor.

*See* 11 U.S.C. § 303(g) (emphasis added).

18. Applying this broad statutory standard, bankruptcy courts routinely appoint interim trustees, when necessary to "protect and preserve property of the estate ... prevent concealment,

waste or loss of assets by the alleged debtor ... or prevent irreparable harm which would likely result between the time of the filing of the petition and the scheduled hearing." *See In re Dilorenzo*, 161 B.R. 752, 754 (Bankr. S.D.N.Y. 1993) (citing *In re Alpine Lumber & Nursery*, 13 B.R. 977 (Bankr. S.D. Cal. 1981) (prevent concealment, waste or loss of assets by the debtor); *In re Reed*, 11 B.R. 755 (Bankr. S.D. W. Va. 1981) (same).

19.     Indeed, this is consistent with the legislation history, which instructs that an alleged debtor should not remain in control of its assets if it is shown that it "may attempt to abscond with assets, dispose of them at less than their fair market value, or dismantle [its] business, all to the detriment of creditors." *See DiLorenzo*, 161 B.R. at 754 (quoting H.R. Rep. 95-595, at 323 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6280); see generally COLLIER ON BANKRUPTCY ¶ 303.31 at 93-94 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. 2002) (court may appoint interim trustees to preserve property of the estate or prevent loss, concealment, or conversion of assets).

20.     In *In re McCorhill Publications, Inc.*, this Court has held that, "where there are questionable inter-company financial transfers and the principals of the debtor occupy conflicting positions in the transferee companies, a trustee should be appointed in the best interest of creditors and all parties in interest in order to investigate the financial affairs of the debtor." *See In re McCorhill Publishing, Inc.*, 73 B.R. 1013, 1017 (Bankr. S.D.N.Y. 1987); *In re B.D. Int'l Discount Corp.*, 13 B.R. 635 (Bankr. S.D.N.Y 1981) (refusing to dismiss or abstain from adjudicating an involuntary chapter 7 case on the grounds that judicial oversight through its power to appoint a trustee was crucial to the protection of the estate for the benefit of creditors); *see also In re Sharon Steel Corp.*, 871 F.2d 1217, 1228 (3d Cir. 1989) (affirming the appointment of a trustee when there was evidence of the debtor's pre-petition "systematic siphoning of ... assets to other companies

5

under common control," as such behavior, "raises grave questions about current management's ability to fulfill its duties"); *In re James Plaza Joint Venture*, 62 B.R. 959, 962-963 (Bankr. S.D. Tex. 1986) (allowing appointment of interim trustee where there was evidence of danger that debtor will dissipate the remaining assets of the estate).

21. Here too, this case is replete with "evidence of danger that [the Alleged] debtor will dissipate the remaining assets of the estate", which, if not prevented, will cause irreparable harm to the creditors.

22. Thus, the Petitioning Creditors submit that the appointment of an interim trustee is warranted and necessary to preserve and protect the value of the Alleged Debtor's estate. *See In re Landmark Distribs.*, Inc., 189 B.R. 290, 305 (Bankr. D.N.J. 1995) (emphasizing the availability of section 303(g) where petitioning creditors fear dispersion of Debtor's assets during the interim period); *contra In re Rush*, 10 B.R. 518 (denying request for interim trustee where evidence did not show that debtor was presently disposing of or wasting property of the estate).

## **CONCLUSION**

23. In light of the foregoing, the Petitioning Creditors respectfully request that the Court enter an order granting the relief requested herein and such other and further relief as the Court deems just and proper, for all of which no prior request for relief has been made to this or any other Court.

Dated: New York, New York
      September 29, 2022

DAVIDOFF HUTCHER & CITRON LLP

By: */s/ Robert L. Rattet, Esq.*
    Robert L. Rattet, Esq.
    Jonathan S. Pasternak, Esq.
605 Third Avenue
New York, New York 10158
(212) 557-7200
rlr@dhclegal.com
jsp@dhclegal.com

*Attorneys for the Petitioning Creditors*