**Gregory M. Messer,** as Chapter 7 Trustee of
  the Estate of Hale & Hearty Soups L.L.C.
c/o Law Offices of Gregory M. Messer
26 Court Street, Suite 2400
Brooklyn, NY 11242

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
In re                                                                           :
                                                                                      :         Chapter 7
HALE & HEARTY SOUPS L.L.C.,                              :
                                                                                      :         Case No. 22-11285 (JLG)
                                               Debtor.                 :
-----------------------------------------------------------x

**TRUSTEE'S APPLICATION TO RETAIN KLESTADT WINTERS
JURELLER SOUTHARD & STEVENS, LLP AS HIS GENERAL
COUNSEL *NUNC PRO TUNC* TO NOVEMBER 3, 2022**

**TO THE HONORABLE JAMES L. GARRITY, JR.,**
**UNITED STATES BANKRUPTCY JUDGE:**

Gregory M. Messer, chapter 7 trustee (the "Trustee") of the estate of Hale & Hearty Soups L.L.C., the above-captioned debtor (the "Debtor"), as and for his application (the "Application") for entry of an order in substantially the same form as that annexed hereto as Exhibit A, pursuant to 11 U.S.C. § 327(a) and Rule 2014 of the Federal Rules of Bankruptcy Procedure, granting him authority to retain Klestadt Winters Jureller Southard & Stevens, LLP ("KWJS&S") as his general counsel *nunc pro tunc* to November 3, 2022. In support of this Application, the Trustee submits the declaration of Fred Stevens (the "Stevens Declaration"), attached hereto as Exhibit B, and respectfully represents as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 1334, and the "Amended Standing Order of Reference" of the United States District Court for the Southern District of New York (Preska, C.J.), dated January 31, 2012.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue of this proceeding and this application is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicate for the relief requested herein is section 327(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules").

## BACKGROUND

5. On September 27, 2022, an involuntary chapter 7 petition was filed by certain creditors of the Debtor.

6. On November 3, 2022, (the "Petition Date") the Court entered the Order for Relief and Order to File Schedules [Docket No. 16].

7. On the Petition Date, Gregory M. Messer was appointed interim trustee of the Debtor's estate and employed Klestadt Winters Jureller Southard & Stevens, LLP to serve as his general counsel in the Debtor's case, subject to the approval of this Court.

**RETENTION OF KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP**

8. The Trustee respectfully submits that he requires general counsel pursuant to section 327(a) of the Bankruptcy Code to, *inter alia*:

(a) investigate the Debtor's assets and financial affairs to determine whether there are assets and/or claims against third parties that can be administered for the benefit of the estate and its creditors;

(b) assist with the Trustee's liquidation of any assets of the estate;

(c) provide legal advice with respect to the Trustee's statutory powers and duties;

(d) prepare, file and prosecute motions objecting to claims, as directed by the Trustee, that may be necessary to complete the administration of the Debtor's estate;

(e) review, analyze and respond, as necessary, to all applications, motions, orders, and

    statements, and schedules filed with the Court in this case;

(f)  represent the Trustee at all hearings and other proceedings before this Court or any other court; and

(g)  perform such legal services as may be required and/or deemed to be in the interest of the Trustee in accordance with his powers and duties as set forth in the Bankruptcy Code.

9.  The Trustee has selected KWJS&S because it has extensive experience and knowledge in the fields of debtors' and creditor's rights, general corporate law, debt restructuring, investigations, corporate reorganizations, and litigation, among others. Further, KWJS&S has significant experience in representing trustees and other interested parties in cases analogous or otherwise relevant to the Debtor's case in many ways. Accordingly, the Trustee believes that KWJS&S is well qualified to represent him as his general counsel in this case

10.  KWJS&S has indicated its willingness to serve as general counsel to the Trustee herein and to receive compensation on an hourly basis, subject to the approval of this Court and in compliance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, the United States Trustee's Guidelines for Fees and Disbursements issued by the Office of the United States Trustee, and such other procedures as may be fixed by order of this Court, for professional services rendered and expenses incurred by KWJS&S. The current hourly rates charged for attorneys and paralegals are set forth in the Stevens Declaration. KWJS&S will seek compensation payable to KWJS&S on an hourly basis, plus reimbursement of actual and necessary expenses incurred by KWJS&S.

11.  To the best of the Trustee's knowledge, KWJS&S has not performed any services for the Debtor and is, therefore, not a creditor of the Debtor's estate. Additionally, KWJS&S does not have any connection with the Debtor, its creditors, the United States Trustee or any other party in interest, or its respective attorneys, except to the extent set forth in the Stevens Declaration.

12. To the best of the Trustee's knowledge, and except as otherwise disclosed in the Stevens Declaration, (i) KWJS&S does not hold or represent any interest adverse to the Trustee with respect to the matters for which it is being retained, (ii) KWJS&S is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code; (iii) neither KWJS&S nor its professionals have any connection with the Debtor, its estate or creditors, and (iv) KWJS&S's employment is necessary and in the best interests of the Debtor's estate.

## NO PRIOR RELIEF

13. No previous application for the relief sought herein has been made to this or any other court.

*[Continued on Next Page]*

**WHEREFORE**, the Trustee respectfully requests that this Court enter an order, in substantially the same form as that annexed hereto as <u>Exhibit A</u>, granting him the authority to retain KWJS&S as his general counsel in this case *nunc pro tunc* to November 3, 2022 and granting such other and further relief as may be just and proper.

Dated: Brooklyn, New York
       November 17, 2022

GREGORY M. MESSER, Chapter 7 Trustee of the Estate of Hale & Hearty Soups L.L.C.

By:  */s/ Gregory M. Messer*
     Gregory M. Messer, as Trustee

Proposed Counsel:

KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP

By:  */s/ Fred Stevens*
     Sean C. Southard
     Fred Stevens
     Lauren C. Kiss
     200 West 41st Street, 17th Floor
     New York, New York 10036-7203
     Tel: (212) 972-3000
     Fax: (212) 972-2245
     Email:  ssouthard@klestadt.com
             fstevens@klestadt.com
             lkiss@klestadt.com

     *Proposed General Counsel to the
       Chapter 7 Trustee*

5