# **Exhibit B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------x
In re                                                   :
                                                        :         Chapter 7
HALE & HEARTY SOUPS L.L.C.,                             :
                                                        :         Case No. 22-11285 (JLG)
                               Debtor.                  :
----------------------------------------------------------x

### DECLARATION OF DISINTERESTEDNESS IN SUPPORT OF APPLICATION TO EMPLOY KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP AS GENERAL COUNSEL TO CHAPTER 7 TRUSTEE

Fred Stevens declares under penalty of perjury, pursuant to 28 U.S.C. §1746, as follows:

1. I am an attorney at law, duly admitted to practice in the State of New York, as well as before the United States District Courts for the Southern and Eastern Districts of New York, and the United States Court of Appeals for the Second Circuit. I am a partner of the law firm known as Klestadt Winters Jureller Southard & Stevens, LLP ("KWJS&S"). KWJS&S maintains an office for the practice of law at 200 West 41st Street, 17th Floor, New York, New York 10036-7203.

2. I am familiar with the matters set forth herein and make this declaration in support of the application of Gregory M. Messer, chapter 7 trustee (the "Trustee") of the estate of Hale & Hearty Soups L.L.C., the above-captioned Debtor (the "Debtor"), to employ KWJS&S as his general counsel in this case.

3. Insofar as I have been able to ascertain, KWJS&S does not hold and does not represent any interest adverse to the Trustee, the Debtor, its creditors, landlords, professionals or any other party in interest herein, or any of their respective attorneys or professionals, except as disclosed herein.

4. To the best of my knowledge, after due inquiry, KWJS&S:

    (a) is not a creditor, and is not an equity security holder or an "insider" of the Debtor, as that term is defined in section 101(31) of title 11 of the United States Code, 11

1

U.S.C. §§ 101 et seq. (the "Bankruptcy Code");

(b) is not and has never been an investment banker for any outstanding security of the Debtor;

(c) is not and has not been an investment banker for a security of the Debtor, nor an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the Debtor;

(d) is not and has not been a director, officer, or employee of the Debtor or of an investment banker specified in subparagraphs (b) and (c) of this paragraph; and

(e) does not have an interest materially adverse to the interest of the Debtor's estate, or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker specified in subparagraphs (b) and (c) of this paragraph, or for any other reason.

Accordingly, I believe KWJS&S is "disinterested", as that term is defined in section 101(14).

5. KWJS&S maintains records of all of its clients and the matters on which it represents such clients, and the other parties which have a substantial role in such matters. I have reviewed such records to determine KWJS&S's connections with the Trustee, the Debtor, its creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee and any person employed in the office of the United States Trustee. Attached hereto as Exhibit 1 is the Conflicts Search List utilized in conducting a comprehensive conflict search to determine whether KWJS&S had relationships to any of the parties set forth therein. In addition, I have reviewed relationships that KWJS&S has with potential parties in interest to determine if any such relationships give rise to an actual or potential conflict of interest or otherwise affect its disinterestedness. Though it does not rise to the level of conflict, it warrants disclosure that I am a member of the panel of private chapter 7

2

bankruptcy trustees in the Southern District of New York established by the United States Trustee pursuant to 28 U.S.C. §586(a)(1).

6.    KWJS&S has also represented and is currently representing Gregory M. Messer and Yann Geron[1] in their capacity as either chapter 11 or chapter 7 trustee in matters unrelated to this case and may represent Gregory M. Messer or Yann Geron in future unrelated matters. KWJS&S does not believe that any of these prior relationships result in a conflict of interest with respect to its proposed engagement by the Trustee, or reason that KWJS&S cannot represent the Trustee and the interests of the Debtor's estate.

7.    Subject to court approval in accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to KWJS&S's office on an hourly basis, plus reimbursement of actual, necessary expenses incurred. Currently, partners of the firm bill from $595 to $825 per hour; associates bill from $425 to $475 per hour; and the firm's paralegals bill at $195 per hour. My current hourly rate is $725 per hour. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions, and are expected to increase on January 1, 2023. Within ten (10) business days prior to any increases in KWJS&S's hourly rates, KWJS&S shall file a supplemental affidavit with the Court (the "<u>Supplemental Affidavit</u>"). The Supplemental Affidavit shall explain the basis for the requested rate increase in accordance with section 330(a)(3)(F) of the Bankruptcy Code. All parties, including the United States Trustee, retain all rights to object to or otherwise respond to any rate increase on any and all grounds, including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code.

8.    The hourly rates set forth above are standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate KWJS&S for its work, the work of its associates

---

[1] Mr. Geron is counsel to Pinchas Shapiro.

3

and its paralegals, and any other professionals it may utilize and to cover fixed and routine overhead expenses. KWJS&S's policy is to charge its clients in all areas of practice for all other expenses incurred in connection with its clients' cases. The expenses charged to clients include, among other things, telephone and telecopier toll charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals", and computerized research and transcription costs, in accordance with the Guidelines of this Court. KWJS&S believes that it is appropriate to charge these expenses to the clients incurring them rather than to increase the hourly rates and thereby spreading the expenses among all clients.

9.  This declaration is intended to comply with Federal Rule of Bankruptcy Procedure 2016(b). KWJS&S intends to apply to this Court for compensation for professional services rendered in connection with this case. KWJS&S has not agreed nor will it agree to share its compensation for its services with any person (other than members of KWJS&S) and no understanding or agreement exists between KWJS&S and any other person for the sharing of any compensation received or to be received by any person for services rendered, or to be rendered, in any capacity whatsoever in connection with this case and no agreement or understanding prohibited by section 504 of the Bankruptcy Code has been made by KWJS&S.

I declare under penalty of perjury that the foregoing is true and correct on this the 17th day of November, 2022.

                                                */s/ Fred Stevens*
                                                Fred Stevens

# Exhibit 1

*Hale & Hearty Soups LLC, Debtor; Case No. 22-11285 (JLG)*
<u>*Conflicts Search List*</u>

| | |
|---|---|
| **Debtor:** | **Prior Counsel:** |
| Hale and Hearty Soups L.L.C. | Stein Adler Dabah Zelkowitz LLP |
| **Principal:** | **Counsel:** |
| Pinchas Shapiro | Geron Legal Advisors |

**Affiliates:**
Hale and Hearty Holding L.L.C.              Lex Soups LLC
49th Street Soups LLC                       56th Street Soups LLC
Chelsea Soups LLC                           Rock Soups LLC
Grand Central Soups LLC                     45th Street Soups LLC
7th Avenue Soups LLC                        Metrotech Soups LLC
Broad Street Soups LLC                      Fulton Soups LLC
Hudson Soups LLC                            Carle Place Soups LLC
369 Lexington Avenue Soups LLC              Hudson Soups Holdings
Hudson River Coffee and Tea

**Petitioning Creditors:**                  **Counsel:**
APF 286 MAD LLC                             Davidoff Hutcher & Citron LLP
Baldor Specialty Foods, Inc.
Westside Foods, Inc.

**Other Known Creditors/Landlords:**
279 Scholes LLC                             Adafeal Baptiste
US Foods, Inc.

**Potential Adverse Parties:**
Mauzone Food Services

**Judge and Chambers:**
Honorable James L. Garrity, Jr.
Willie Rodriguez (Courtroom Deputy)
John Kuebler (Law Clerk)
Thomas Palisi (Law Clerk)
John Churchill (Law Clerk)

**United States Trustee Individuals:**      **Position:**
William K. Harrington                       United States Trustee
Linda A. Riffkin                            Assistant United States Trustee
Benjamin J. Higgins                         Honors Trial Attorney
Susan Arbeit                                Trial Attorney
Mark Bruh                                   Trial Attorney

| United States Trustee Individuals: | Position: |
| --- | --- |
| Shara Cornell | Trial Attorney |
| Brian S. Masumoto | Trial Attorney |
| Richard K. Morrissey | Trial Attorney |
| Andrea B. Schwartz | Trial Attorney |
| Paul K. Schwartzberg | Trial Attorney |
| Shannon Scott | Trial Attorney |
| Tara Tiantian | Trial Attorney |
| Andy Velez-Rivera | Trial Attorney |
| Annie Wells | Trial Attorney |
| Greg M. Zipes | Trial Attorney |
| Joseph Nadkarni | Bankruptcy Analyst |
| Sylvester Sharp | Bankruptcy Analyst |
| Victor Abriano | Auditor |
| James Gannone | Auditor |
| Alaba Ogunleye | Auditor |
| Madeleine Vescovacci | Auditor |
| Ilusion Rodriguez | Paralegal Specialist |
| Ercilia A. Mendoza | Legal Assistant |