**KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, New York 10036
Tel: (212) 972-3000
Fax: (212) 972-2245
Fred Stevens
Sean C. Southard
Lauren C. Kiss

*Counsel to Gregory M. Messer, Chapter 7
   Trustee of the Estate of Hale & Hearty
   Soups L.L.C.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------x
In re                                                   :
                                                        :     Chapter 7
HALE & HEARTY SOUPS L.L.C.,           :
                                                        :     Case No. 22-11285 (JLG)
                           Debtor.               :
----------------------------------------------------------x

**TRUSTEE'S *EX PARTE* OMNIBUS APPLICATION FOR AN ORDER,
PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE
TRUSTEE TO EXAMINE (I) HUDSON SOUP HOLDINGS LLC AND/OR
ITS MANAGERS AND MEMBERS, INCLUDING PINCHAS SHAPIRO,
(II) HEARTY ACQUISITIONS, LLC, AND/OR MAUZONE FOOD
SERVICES, INC., (III) CAPITALA GROUP AND/OR CPTA H&H
HOLDINGS, INC., (IV) STEIN ADLER DABAH & ZELKOWITZ LLP,
(V) 279 SCHOLES STREET LLC, (VI) CITIBANK, N.A., AND (VII) ANY
OTHER FINANCIAL INSTITUTIONS WITH ACCOUNTS OWNED OR
CONTROLLED BY THE DEBTOR, OR IN WHICH THE DEBTOR IS
BELIEVED TO HAVE SOME DIRECT OR INDIRECT INTEREST**

**TO THE HONORABLE JAMES L. GARRITY, JR.,
UNITED STATES BANKRUPTCY JUDGE:**

Gregory M. Messer, the Chapter 7 Trustee (the "Trustee") for the estate of Hale & Hearty Soups L.L.C. (the "Debtor"), by and through his counsel, Klestadt Winters Jureller Southard & Stevens, LLP, as and for his first omnibus *ex parte* application (the "Application") for entry of an order, pursuant to Fed. R. Bankr. P. 2004, authorizing him to examine (i) Hudson Soup Holdings

LLC ("Hudson") and/or its managers and members, including Pinchas Shapiro ("Shapiro"), (ii) Hearty Acquisitions, LLC ("Hearty") and/or Mauzone Food Services, Inc. ("Mauzone"), (iii) Capitala Group ("Capitala") and/or CPTA H&H Holdings, Inc. ("CPTA"), (iv) Stein Adler Dabah & Zelkowitz LLP ("SADZ"), (v) 279 Scholes Street LLC ("279 SS"), (vi) Citibank, N.A. ("Citibank"), and (vii) any financial institutions with accounts owned or controlled by the Debtor, or in which the Debtor is believed to have accounts over which it has some direct or indirect interest (each a "Financial Institution," collectively, the "Financial Institutions") (each proposed examinee, an "Examinee," collectively, the "Examinees"), respectfully represents:

## PRELIMINARY STATEMENT

The Order for Relief directed the Debtor to file all schedules, statements and lists by no later than November 15, 2022. To date, no mandatory disclosures have been made by the Debtor. Although Shapiro (through counsel) has provided some limited background information and has tentatively agreed to fulfill the Debtor's duties pursuant to 11 U.S.C.§ 521, so far the Debtor has failed to turn over formal books and records or otherwise provide the Trustee with sufficient information or documents that he needs to perform his duties under the Bankruptcy Code. The Trustee has sought out information from almost all of the proposed Examinees on an informal basis, but for various reasons has not obtained adequate responses to date.

For all the foregoing reasons and those set forth below, the Trustee respectfully requests that the Court enter an order in substantially the same form as that annexed hereto as Exhibit A (the "Proposed Order"), authorizing the Trustee to serve subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon each of the Examinees.

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and

2

1334, and the "Amended Standing Order of Reference" of the United States District Court for the Southern District of New York (Preska, C.J.), dated January 31, 2012.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue of this proceeding and this application is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicate for the relief requested herein is Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Rule 45 of the Federal Rules of Civil Procedure (the "Federal Rules").

## INTRODUCTION

5. On September 29, 2022 (the "Petition Date"), an involuntary chapter 7 petition (the "Involuntary Petition") was filed by certain creditors of the Debtor.

6. On November 1, 2022, the Court entered the Order for Relief [Docket No. 14]. The Order for Relief further directed the Debtor to file all schedules, statements, lists and creditors' matrix with fourteen (14) days of its entry, or November 15, 2022.

7. On or around November 3, 2022, Gregory M. Messer was appointed interim trustee of the Debtor's estate [Docket No. 15]. An initial meeting of creditors pursuant to section 341(a) of title 11 of the United States Code (the "Bankruptcy Code") has been scheduled for January 6, 2023 [Docket No. 25].

## BACKGROUND

8. The Debtor has not filed schedules or statements in accordance with the Order for Relief. The Trustee has been in contact with Shapiro and also certain former personnel of the Debtor in an effort to obtain among other things, the Debtor's official books and records, corporate records, including organizational and governing documents, document and email servers, and

3

other property that may be of value to the Debtor's estate. Although Shapiro was identified as the person most likely last in control and with decision-making authority for the Debtor, Shapiro has indicated he was not and does not seek to be designated as a responsible person for the Debtor and has limited recollection and access to the foregoing records of interest to the Trustee. Several of the other proposed Examinees are believed to have information relevant to the Debtor's financial affairs or are otherwise in control of property of the Debtor's estate. However, despite reasonable informal requests by the Trustee, insufficient information and/or responses have been provided to date by the Examinees. Therefore, it is the Trustee's position that he will need to examine each of the proposed Examinees in order to fulfill his duty to investigate the Debtor's financial affairs.

## **RELIEF REQUESTED**

9.      Pursuant to section 704(a) of the Bankruptcy Code, the Trustee is obligated to, among other things: "(4) investigate the financial affairs of the debtor; . . ." 11 U.S.C. § 704(a)(4).

10.     Bankruptcy Rule 2004(a) provides that "upon the motion of any party in interest, the court may order the examination of any entity." It is well established that the investigation envisioned by this rule is broad-based, relating to any and all matters affecting the administration of the Debtor's estate, as well as the conduct, liabilities or property of the Debtor.

11.     Discovery under Rule 2004 is broader than that available under the Federal Rules of Civil Procedure. In re Drexel Burnham Lambert Group, Inc., 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991). "As a general proposition, [Bankruptcy] Rule 2004 examinations are appropriate for revealing the nature and extent of the bankruptcy estate and for 'discovering assets, examining transactions, and determining whether wrongdoing has occurred.'" In re Enron Corp., 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) (citations omitted). As such, courts have acknowledged that "[Bankruptcy] Rule 2004 examinations are broad and unfettered and in the nature of fishing

4

expeditions." Id. see also, In re Coffee Cupboard, Inc., 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991); In re Silverman, 36 B.R. 254, 258 (Bankr. S.D.N.Y. 1984).

    A.  Hudson Soup Holdings LLC and/or its managers and members, including Pinchas Shapiro.

    12.    The Rule 2004 examinations of Hudson and Shapiro are necessary because based upon the Trustee's best available information, Hudson is the equity owner of the Debtor and its managers and members were responsible for decision-making and control over the Debtor's operations and eventual shut down. Since there has not yet been compliance with the Order for Relief by Hudson or Shapiro, formal relief is necessary and appropriate. The examinations of Hudson and Shapiro are important because the Trustee needs to understand formal responsibility and legal control mechanisms that governed operations for the Debtor prior to the bankruptcy. Both are believed to have knowledge related to the various transactions the Debtor made prior to the bankruptcy. The examination of Hudson is critical as it is the parent company or owner of the equity in the Debtor and the Trustee must understand its financial and governance relationship with the Debtor.

    B.  Hearty Acquisitions, LLC and/or Mauzone Food Services, Inc.

    13.    The Rule 2004 examinations of Hearty and/or Mauzone are important because they purport to have acquired certain assets of the Debtor prior to the Petition Date. The Trustee made demand for return of property and issued a cease and desist warning to Hearty and Mauzone prior to the Thanksgiving holiday. Since then, two different firms have communicated with the Trustee's counsel on behalf of Hearty, but neither has provided any meaningful information or proof of the acquisition of assets sufficient to satisfy the Trustee. Hearty and/or Mauzone is believed to be in possession and control over the Debtor's former computer servers and the Trustee is in the process of obtaining possession of the servers. An examination of both is necessary to

determine whether and to what extent assets were acquired and for what consideration and whether property of the estate remains with either party in violation of the automatic stay.

C. Capitala Group and/or CPTA H&H Holdings, Inc.

14. An examination of Capitala and/or CPTA is necessary since they were the prior owners of the equity in the Debtor that sold such position to Hudson in or about June of 2019. The Trustee seeks information from these parties in relation to organizational and operating control documents for the Debtor as of the point when the equity was sold, communications and documents associated with the transaction in June of 2019 and information concerning value obtained from operations by CPTA and Capitala within applicable look-back periods.

D. Stein Adler Dabah & Zelkowitz LLP.

15. SADZ was counsel of record to the Debtor during relevant prepetition periods. SADZ has refused to comply with informal requests for information. SADZ is likely to possess documents and information related to the Debtor and its financial affairs. The Trustee seeks to understand the nature of services provided by SADZ to the Debtor or any affiliated parties, including Hudson, and review correspondence and legal files related to such representations.

E. 279 Scholes Street LLC.

16. 279 SS was the landlord for the Debtor's former commissary location in Brooklyn. The Trustee has been advised that the lease for such location was assigned by agreement among the Debtor, 279 SS and Hearty within ninety (90) days prior to the Petition Date. Upon information and belief, no value was paid to the Debtor in connection with such assignment, but a significant sum was paid to 279 SS. Among other things, the Trustee seeks information concerning this purported transaction, any consideration transferred in relation to the same, and correspondence related to the negotiations over such transactions.

6

F.  <u>Citibank and Other Financial Institutions</u>.

17. The Trustee has been advised that certain bank accounts were maintained by the Debtor at Citibank. The Trustee wishes to examine Citibank and any other Financial Institutions in order to obtain reliable information related to the Debtor's financial affairs.

18. The Rule 2004 examinations of the Examinees sought herein are necessary for the Trustee to fulfill his duties under the Bankruptcy Code.

19. For all the foregoing reasons, the Trustee respectfully submits that he has demonstrated ample cause and a right to conduct the examinations contemplated herein.

## PROPOSED PROCEDURE

20. The Trustee proposes that any examination be held at either (i) the offices of Trustee's counsel, Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, New York, 10036-7203; (ii) any other location as agreed to by the Trustee and his counsel; or (iii) if this Court does not have subpoena power to compel the personal testimony of any examinee, at such other location as may be appropriate and permissible under Bankruptcy Rules 2004, 2005, 9001(5) and 9016.

21. The Trustee proposes to serve all subpoenas *duces tecum* at least fourteen (14) days prior to the due date for the production or inspection of any documents or electronic files, or the date of an intended deposition.

## NOTICE

22. Applications for relief under Rule 2004(a) are usually granted *ex-parte*. 9 *Collier on Bankruptcy* ¶ 2004.01[2] (15th ed. 2009), *citing* <u>1983 Advisory Committee Note to Fed. R. Bankr. P. 2004</u>, *reprinted in* ch. 2004, App. 2004; <u>In re Sutera</u>, 141 B.R. 539, 540 (Bankr. D. Conn. 1992); <u>In re Wilcher</u>, 56 B.R. 428, 434 (Bankr. N.D.Ill. 1985); <u>In re Silverman</u>, 10 C.B.C.2d 1219,

7

36 B.R. 254 (Bankr. S.D.N.Y. 1984). Some bankruptcy courts even adopt local rules allowing the service of subpoenas under Bankruptcy Rule 2004(a) without having to file any application at all. See e.g., D.N.J. L.B.R. 2004-1(b).

23. Pursuant to the Honorable James L. Garrity, Jr. Chambers' Rules, "[r]equests for 2004 orders may be submitted ex parte or on notice of presentment, but the Court in its discretion may require notice and a hearing."

24. While the Application has been filed *ex-parte*, the Examinees will have ample opportunity to seek from this Court protection from any Subpoena or information sought by the Subpoena issued by the Trustee that the Examinee believes it has a basis to challenge.

25. Based upon the foregoing, the Trustee submits that submission of the instant Application and relief sought herein *ex parte* is reasonable and appropriate, and that no notice should be required.

**NO PRIOR RELIEF**

26. No previous application for the relief sought herein has been made to this or any other court.

[*Continued on Next Page*]

**WHEREFORE**, the Trustee respectfully requests that this Court enter an order, substantially in the form of the Proposed Order, and for such other and further relief as the Court determines to be just and proper.

Dated: New York, New York
December 21, 2022

                                            **KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP**

By: */s/ Sean C. Southard*
Fred Stevens
Sean C. Southard
Lauren C. Kiss
200 West 41st Street, 17th Floor
New York, New York 10036
Tel: (212) 972-3000
Fax: (212) 972-2245
Email: fstevens@klestadt.com
       ssouthard@klestadt.com
       lkiss@klestadt.com

*Counsel to Gregory M. Messer, Chapter 7 Trustee of the Estate of Hale & Hearty Soups L.L.C.*

9