**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
In re                                                                  :
                                                                            :          Chapter 7
HALE & HEARTY SOUPS L.L.C.,                           :
                                                                            :          Case No. 22-11285 (JLG)
                                    Debtor.                        :
-----------------------------------------------------------x

**ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING
THE TRUSTEE TO EXAMINE (I) HUDSON SOUP HOLDINGS LLC AND/OR
ITS MANAGERS AND MEMBERS, INCLUDING PINCHAS SHAPIRO, (II) HEARTY
ACQUISITIONS, LLC, AND/OR MAUZONE FOOD SERVICES, INC., (III) CAPITALA
GROUP AND/OR CPTA H&H HOLDINGS, INC., (IV) STEIN ADLER DABAH &
ZELKOWITZ LLP, (V) 279 SCHOLES STREET LLC, (VI) CITIBANK, N.A., AND
(VII) ANY OTHER FINANCIAL INSTITUTIONS WITH ACCOUNTS OWNED OR
CONTROLLED BY THE DEBTOR, OR IN WHICH THE DEBTOR IS
BELIEVED TO HAVE SOME DIRECT OR INDIRECT INTEREST**

Upon the *ex parte* application (the "Application") of Gregory M. Messer, Chapter 7 trustee (the "Trustee") of the estate of Hale & Hearty Soups L.L.C. (the "Debtor"), for entry of an order, pursuant to Fed. R. Bankr. P. 2004, authorizing him to examine (i) Hudson Soup Holdings LLC ("Hudson") and/or its managers and members, including Pinchas Shapiro ("Shapiro"), (ii) Hearty Acquisitions, LLC ("Hearty") and/or Mauzone Food Services, Inc. ("Mauzone"), (iii) Capitala Group ("Capitala") and/or CPTA H&H Holdings, Inc. ("CPTA"), (iv) Stein Adler Dabah & Zelkowitz LLP ("SADZ"), (v) 279 Scholes Street LLC ("279 SS"), (vi) Citibank, N.A. ("Citibank"), and (vii) any financial institutions with accounts owned or controlled by the Debtor, or in which the Debtor is believed to have accounts over which it has some direct or indirect interest (each a "Financial Institution," collectively, the "Financial Institutions") (each proposed examinee, an "Examinee," collectively, the "Examinees"); and no notice of the relief sought in the Application being required or necessary; and after due deliberation and sufficient cause appearing therefore, it is

**ORDERED** that the Application is granted; and it is further

**ORDERED** that pursuant to Bankruptcy Rules 2004 and 9016, the Trustee shall be, and hereby is, authorized to serve subpoena(s) *duces tecum* (collectively, the "Subpoenas"; each a "Subpoena") upon each of the Examinees; and it is further

**ORDERED**, that each Examinee is directed to either timely comply with the terms of this Order and any Subpoena issued to them or make an appropriate motion for a protective order or to quash any Subpoena; and it is further

**ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

**ORDERED**, that this Court shall retain jurisdiction with respect to any disputes that arise with respect to this Order, or any Subpoena issued hereunder, unless this Court lacks jurisdiction over the witness because the Subpoena is issued from a Court other than this one.

Dated:   New York, New York
         December 29, 2022

/s/ *James L. Garrity, Jr.*
HONORABLE JAMES L. GARRITY, JR.
UNITED STATES BANKRUPTCY JUDGE